IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:20-CV-59-FL

| | | |
|---|---|---|
| HENRY CUMBEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| KILOLO KIJAKAZI, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 22, 24). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., issued a memorandum and recommendation ("M&R") (DE 27), wherein it is recommended that the court deny plaintiff's motion, grant defendant's motion, and affirm the final decision by defendant. Plaintiff timely objected to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court grants plaintiff's motion, denies defendant's motion, and remands this case to defendant for further proceedings.

### BACKGROUND

On May 13, 2011, plaintiff filed an application for a period of disability, disability insurance benefits, and supplemental security income, alleging disability beginning December 15, 2010. The application was denied initially and upon reconsideration. A hearing was held on April 17, 2013, before an administrative law judge ("ALJ") who determined that plaintiff was not

disabled in decision dated May 30, 2013. Plaintiff appealed the ALJ's decision to the appeals council. On August 28, 2014, the appeals council remanded the claim to the ALJ for further administrative proceedings.

On May 9, 2015, the ALJ held a second hearing after which he determined again that plaintiff was not disabled by decision dated June 16, 2015. On October 31, 2016, the appeals council denied plaintiff's request for review, making defendant's decision final with respect to plaintiff's claims.

Plaintiff commenced a prior action in this court on December 19, 2016, seeking judicial review of defendant's decision. The court held hearing on February 21, 2018, and granted, by March 7, 2018, written order, plaintiff's motion for judgment on the pleadings, remanding the case to the ALJ. Cumbee v. Berryhill, No. 7:16-CV-415-BO, 2018 WL 1189466, at *1 (E.D.N.C. Mar. 7, 2018).

On remand, a third hearing was held on January 25, 2019, before an ALJ who determined that plaintiff was not disabled by decision dated April 3, 2019. Plaintiff appealed the ALJ's decision to the appeals council, which declined to review the decision on February 27, 2020. Plaintiff commenced the instant action on March 26, 2020, once again seeking judicial review of defendant's decision.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" means "such relevant evidence

2

as a reasonable mind might accept as adequate to support a conclusion." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019).[1] The standard is met by "more than a mere scintilla of evidence . . . but less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review . . . is a record of the basis for the ALJ's ruling, which should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir.2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015), and an ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016).

To assist in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any

---

[1] Internal citations and quotation marks are omitted from all citations unless otherwise specified.

explanation for adopting the M&R.  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983).  Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medial impairment meets or exceeds the severity of one of the [listed] impairments; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520).  The burden of proof is on the social security claimant during the first four steps of the inquiry, but shifts to defendant at the fifth step.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation.  At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since December 15, 2010.  At step two, the ALJ found that plaintiff had the following severe impairments: fibromyalgia, obesity, degenerative disc disease/herniated nucleus pulpous, osteoarthritis, degenerative disc disease, headaches, hypertension, hyperlipidemia, gastroesophageal reflux disease/irritable reflux disease, and sleep apnea.  However, at step three, the ALJ determined that these impairments were not severe enough to meet or, either individually or in combination, medically equal one of the listed impairments in the regulations.

Before proceeding to step four, the ALJ determined that during the relevant time period plaintiff had the residual functional capacity ("RFC") to perform light work, subject to the following limitations:

4

> [N]o more than occasional use of the upper extremities for overhead reaching, but frequent use of upper extremities to reach in all directions, push, pull, operate hand controls, finger, feel, and/or handle; occasional use of the lower extremities to push, pull, and/or operate foot controls; occasional climbing ramps and stairs; no climbing ladders, ropes, or scaffolds; occasional balancing, kneeling, stooping, and/or crouching; no crawling; avoid all exposure to workplace hazards, such as dangerous moving machinery and unprotected heights. In addition, the claimant requires the flexibility of a sit/stand option allowing him to change positions once every hour.

(Tr. 701-02 (footnote omitted)). At step four, the ALJ concluded plaintiff is unable to perform any past relevant work. At step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that plaintiff can perform. Thus, the ALJ concluded that plaintiff was not disabled under the terms of the Social Security Act.

B.   Analysis

In his objections, plaintiff argues that the ALJ erred by: 1) finding that his cane is not medically necessary; 2) failing to articulate the weight afforded to Heidi Smith's ("Smith") opinion; 3) giving little weight to the opinions of Dr. Stephen Grubb ("Grubb"), plaintiff's primary care doctor; and 4) formulating a deficient hypothetical question to the vocational expert, which resulted in a deficient RFC finding. The court agrees that the ALJ erred in his treatment of Smith and Grubb's opinions and concludes that the errors require remand, obviating the need to address plaintiff's other assignments of error.

   1.   ALJ's Treatment of Smith's Opinion

In making a disability determination, the ALJ must "assess [a claimant's] residual functional capacity based on all of the relevant medical and other evidence." 20 C.F.R. § 404.1545(a)(3). This includes opinion evidence from "acceptable medical sources" as well as "opinions from medical sources who are not acceptable medical sources." Id. § 404.1527(a), (f) (announcing standards for claims before March 27, 2017).

5

Plaintiff concedes that Smith is not an acceptable medical source under regulations applicable to his claims because she is a nurse practitioner. (Pl.'s Resp. (DE 26) at 2). However, plaintiff correctly points out that the regulation requires defendant to consider the opinions from medical sources who are not acceptable medical sources "using the same factors listed in paragraph (c)(1) through (c)(6)." 20 C.F.R. § 404.1527(f)(1). These factors include

> (1) the '[l]ength of the treatment relationship and the frequency of examination'; (2) the '[n]ature and extent of the treatment relationship'; (3) '[s]upportability,' i.e., the extent to which the treating physician 'presents relevant evidence to support [the] medical opinion'; (4) '[c]onsistency,' i.e., the extent to which the opinion is consistent with the evidence in the record; (5) the extent to which the treating physician is a specialist opining as to 'issues related to his or her area of specialty'; and (6) any other factors raised by the parties 'which tend to support or contradict the medical opinion.'

Dowling v. Comm'r of Soc. Sec. Admin., 986 F.3d 377, 384-85 (4th Cir. 2021) (quoting 20 C.F.R. § 404.1527(c)(2)(i)-(6)). In addition, "not every factor for weighing opinion evidence will apply in every case because the evaluation of an opinion from a medical source who is not an acceptable medical source . . . depends on the particular facts in each case." 20 C.F.R. § 404.1527(f)(1).

At bottom, the ALJ "generally should explain the weight given to opinions from these sources or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." Id. § 404.1527(f)(2). Further, as always, "[a]n ALJ must include a narrative discussion describing how the evidence supports his explanation of the varying degrees of weight he gave to differing opinions concerning the claimant's conditions and limitations." Woods v. Berryhill, 888 F.3d 686, 695 (4th Cir. 2018) (quotation omitted).

Here, Smith opined as follows: "Patient should use assistive devices (i.e. cane, walker) to maintain stability and balance if necessary." (Tr. 934, 997, 1058). Smith made this same note after each time she saw plaintiff on July 14, 2017, January 11, 2018, and July 11, 2018. (Id.). She also

noted in regard to the July 14, 2017, examination that she "encouraged [the] use of [a] cane to prevent falls." (Tr. 1058). Her July 11, 2018, note was concurrent with an examination of plaintiff that revealed "tenderness of the arms and upper back with light palpation." (Tr. 932). Smith also "discussed fall precautions [and] encouraged [the] use of [a] cane" in talking with plaintiff on February 6, 2017. (Tr. 1077).

The ALJ did not state the weight he gave Smith's opinion regarding plaintiff's use of a cane in his decision. Thus, the ALJ's decision fails to include the requisite "narrative discussion describing how the evidence supports" the weight given to Smith's opinion. Woods, 888 F.3d at 695.[2] Defendant argues that the court may infer from the ALJ's "discussion of the evidence" that he implicitly recognized that Smith's opinion that plaintiff should use a cane "if necessary" did not reach the question of whether a cane was necessary. (Def.'s Mem. (DE 25) at 9). Therefore, defendant contends, the ALJ's discussion of the evidence "allows the court to follow the ALJ's reasoning for declining to include the need for a cane in the RFC finding." (Id.).

Yet, however meritorious such a rationale might be, acceptance of such an unclearly stated but ostensibly implicit rationale would constitute "post-hoc justification." See Arakas v. Comm'r, Soc. Sec. Admin., 983 F.3d 83, 109 (4th Cir. 2020); see also Radford, 734 F.3d at 296 (explaining that it is "no[t] the province of the district court" to "make credibility determinations . . . in the first instance" (quotation omitted)). The ALJ has an "obligation to provide 'a narrative discussion [of] how the evidence support[ed] [his] conclusion,'" Arakas, 983 F.3d at 106 (quoting Monroe, 826 F.3d at 190-91), which he or she fails to meet where a "specific explanation of the ALJ's

---

[2] The M&R recognized this, (see, e.g., M&R (DE 27) at 10 ("[T]he ALJ did not articulate a specific weight given to Ms. Smith's opinion that Claimant should use a cane if necessary")), but concluded that "the ALJ's discussion of the records of Claimant's visits with Ms. Smith otherwise allows the court to follow the ALJ's reasoning." (Id.). On this issue, the court departs from the M&R.

7

reasons for the differing weights he assigned various medical opinions" is not given. Monroe, 826 F.3d at 191.

Smith's opinion regarding plaintiff's use of a cane may merit little to no weight, or it may not support the medical necessity of a cane. However, the ALJ did not explain his reasons for disregarding Smith's opinion, and this court has previously explained that "merely recounting the subjective and objective observations the ALJ considered in reaching his decision is not a substitute for explaining the ALJ's assessment of . . . [a] medical opinion." Boyette v. Berryhill, No. 7:17-CV-159-FL, 2018 WL 4689451, at *4 (E.D.N.C. Sept. 28, 2018); see also Cumbee, 2018 WL 1189466, at *4 ("Although the ALJ noted the existence of Dr. Grubb's March 2015 opinion, the ALJ did not further discuss this opinion or the weight that would be assigned to it."). At a minimum, the ALJ must explain the inapplicability of the 20 C.F.R. § 404.1527(c) factors before "casting [Smith's] opinion aside." Dowling, 986 F.3d at 385; see 20 C.F.R. § 404.1527(f)(1) (explaining that even though "not every factor for weighing opinion evidence will apply in every case," defendant "will consider these opinions using the same factors as listed in paragraph (c)(1) through (c)(6) in this section").

In sum, remand is required due to the ALJ's failure to explain the weight given to Smith's opinion.

2. ALJ's Treatment of Grubb's Opinions

In addition, and in the alternative, remand is required because the ALJ's analysis of Grubb's medical opinions was not complete, precluding meaningful review. Although the ALJ corrected the prior ALJ's error by "discussing [Grubb's relevant] opinion[s] [and] the weight that would be assigned to [them]," the ALJ has still failed to "adequately address Dr. Grubb's . . . opinions." Cumbee, 2018 WL 1189466, at *4-5.

a. Section 404.1527(c) Factors

8

Case 7:20-cv-00059-FL   Document 30   Filed 09/28/21   Page 8 of 14

As an initial matter, the ALJ correctly noted that an ALJ "holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001); see also 20 C.F.R. § 404.1527(c)(2) ("If we find that a treating source's medical opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."). However, the Fourth Circuit has explained that an ALJ's decision under § 404.1527(c) to not accord a treating physician's "medical opinion . . . controlling weight" does not end the inquiry. Dowling, 986 F.3d at 385 ("[I]t does not follow that the ALJ had free reign to attach whatever weight to that opinion that he deemed fit."). Rather, "the ALJ [is] required to consider each of the six 20 C.F.R. § 404.1527(c) factors before casting [treating physician's] opinion aside." Id. A conclusion that a treating physician's opinion is "inconsistent with other evidence in the record" and that its "basis . . . [is] 'not adequately explained'" only "touches on two of the Section 404.1527(c) factors," while still failing to indicate that the required analysis was actually undertaken. See id.

"[A]n ALJ is not required to set forth a detailed factor-by-factor analysis in order to discount a medical opinion from a treating physician," but "it must nonetheless be apparent from the ALJ's decision that he meaningfully considered each of the factors before deciding how much weight to give the opinion." Id.; see also Arakas, 983 F.3d at 107-08 ("[T]he ALJ failed to apply the factors listed in 20 C.F.R. § 404.1527(c) to decide how much weight [the treating phyiscian's opinion] should be accorded." (emphasis omitted)). Failure to meaningfully consider the relevant factors may be indicated where the "ALJ never so much as acknowledge[s] the existence of the Section 404.1527(c) factors" or is "completely silent as to the remaining four Section 404.1527(c)

9

factors" after concluding that treating physician's opinion will not be treated as controlling. See, e.g., Dowling, 986 F.3d at 385-86; Arakas, 983 F.3d at 107 n.16 ("20 C.F.R. § 404.1527(c) requires ALJs to consider all of the enumerated factors in deciding what weight to give a medical opinion.").

Here, as in Dowling, "[t]he ALJ never so much as hinted that his discretion was checked by the factors enumerated in section 404.1527(c)." 986 F.3d at 385-86; compare id at 385 ("The ALJ simply declared that he possessed 'the discretion to give less [than controlling] weight' to the opinion of the treating physician." (alteration in original)), with (Tr. 704 ("An ALJ is entitled to give little weight to a medical opinion, even from a medical source with a longstanding treating relationship with the claimant, particularly if not supported by the clinical evidence or inconsistent with other substantial evidence.")). The ALJ addressed at length why he did not give controlling weight and instead gave little weight to Grubb's opinion due to his conclusion that it was inconsistent with other substantial evidence. (See Tr. 704-12). However, this only implicates, at most, two of the relevant factors, "consistency and supportability." See Dowling, 986 F.3d at 385.

As to the other factors, the ALJ only implicitly recognized them without describing how they impacted his analysis. (See, e.g., Tr. 704 (implicitly recognizing Grubb's "longstanding treating relationship with [plaintiff]" but failing to describe how this impacted his discretion); see also Dowling, 986 F.3d at 386 ("Had the ALJ properly considered the treatment relationship between [the treating physician] and [plaintiff], he may not have been so quick to reject [the treating physcian's] medical opinion."). The ALJ's analysis is bereft of mention of how the frequency of Grubb's examination of plaintiff, the nature and extent of Grubb's and plaintiff's treatment relationship, and any specialty of Grubb's impacted the weight given Grubb's various

10

medical opinions. See generally 20 C.F.R. § 404.1527(c)(2). "In failing to acknowledge and apply each of these six factors, the ALJ erred." Dowling, 986 F.3d at 386.

Such an error mandates remand because "agency determinations must be made in accordance with certain procedures which facilitate judicial review" and § 404.1527(c) is "one such procedure." Id.

Defendant's arguments to the contrary, (see, e.g., Def.'s Mem. (DE 25) at 13 ("The ALJ sufficiently explained his evaluation of Dr. Grubb's opinions.")), fail to recognize that even if a treating physician's opinion will not be given controlling weight because it "is not supported by clinical evidence or . . . it is inconsistent with other substantial evidence," (id. (quoting Mastro, 270 F.3d at 178), the ALJ must apply § 404.1527(c)(2)'s factors to explain what weight will instead be given to the opinion. Like the ALJ's analysis, defendant's arguments ignore the Fourth Circuit's guidance that judicial review is frustrated when "the ALJ neglect[s] to even acknowledge the existence of the[] [§ 404.1527(c)(2)] factors, much less engage in a meaningful discussion of them," which requries "remand . . . to allow the ALJ to consider [the treating physician's] medical opinion in light of each of the [§] 404.1527(c) factors." Dowling, 986 F.3d at 386.

b. Opinions on Issues Reserved to the Commissioner

Another error impacting the ALJ's treatment of Grubb's opinions is his implicit overreliance on 20 C.F.R. § 404.1527(d)'s guidance that "opinions on issues reserved to the Commissioner" "are not medical opinions[]" and that "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [defendant] will determine that" claimant is disabled. The regulation is applicable regardless of the source of such an opinion. See 20 C.F.R. § 404.1527(d)(3); see also SSR 96-5P, 1996 WL 374183, at *2-3 (July 2, 1996) ("[T]reating source

11

opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance.").

Under Fourth Circuit law, this simply means that "when a medical source renders an opinion that a claimant is disabled or unable to work, the ALJ will consider all of the medical findings and other evidence that support the medical source's opinion, but will not necessarily make a favorable disability determination." Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 256 (4th Cir. 2017). Nevertheless, "opinions from any medical source about issues reserved to the Commissioner must never be ignored, and . . . the notice of the determination or decision must explain the consideration given to the treating source's opinion(s)." SSR 96-5p, 1996 WL 374183, at *3.

The ALJ may not treat the fact that the medical opinion is on an issue reserved for the Commissioner as an outcome-determinative reason to reject that opinion either. See Arakas 983 F.3d at 109 ("[W]e have previously held that ALJs may not disregard such opinions when offered by a treating physician."); see, e.g., Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006) (holding that the "ALJ improperly refused to credit [the treating physician's] medical opinion that his long term patient . . . was totally disabled"). For example, an ALJ may not dismiss a treating physician's opinion solely because "it 'is on an issue reserved for the Commissioner,'" see, e.g., Midgett v. Saul, No. 2:19-CV-46-FL, 2021 WL 1230188, at *4 (E.D.N.C. Mar. 31, 2021), or on the basis that the opinion is "more vocational" than "medical" and "thus not worthy of great weight." Arakas, 983 F.3d at 109.

Here, the ALJ's decision suggests that the ALJ relied in part on the fact that certain opinions of Grubb's were on issues reserved to the Commissioner to discount the opinion rather than simply treating it as non-controlling. For example, the ALJ reasoned that a potential medical

12

Case 7:20-cv-00059-FL   Document 30   Filed 09/28/21   Page 12 of 14

opinion of Grubb's that plaintiff was unable to sit for an hour at a time, (Tr. 635), "was vague and because Dr. Grubb is not a vocational expert, the opinion as to whether such limitation is work preclusive is outside his area of expertise." (Tr. 708-09). See, e.g., Arakas, 983 F.3d at 109 (explaining that the ALJ "erred in concluding that [a treating physician's] opinion[]" that plaintiff "had been 'unable to sustain full-time work activity of 8 hours per day, 5 days a week'—'even at a light exertional level'—since" a certain date was "more vocational' than 'medical,' and thus 'not worthy of great weight'"). Similarly, the ALJ suggests that certain conclusions of Grubb's were "not entitled to any special weight under the regulations" as "good cause to give [that opinion] no weight." (Tr. 704). Compare Dowling, 986 F.3d at 385 (explaining that the fact that "the basis for the opinion was 'not adequately explained' by [the treating physician]" is merely one factor), with (Tr. 704 (explaining that the ALJ found "good cause to give no weight to subsequent general observations of disability or continued disability referenced in Dr. Grubb's treatment notes because they are vague, conclusory, and not entitled to any special weight under the regulations"). Because the ALJ's analysis in rejecting Grubb's opinions, in part, suggests that Grubb's opinions were rejected for being on issues that the ALJ perceived as being reserved for defendant, judicial review of whether substantial evidence supported the ALJ's conclusions is frustrated.

While proper application of § 404.1527(c)'s factors and § 404.1527(d)'s guidance on the weight to be given opinions on ultimate issues like disability may result in the same conclusions the ALJ reached regarding Grubb's opinions, "the ALJ's failure to adequately explain his reasoning precludes this [c]ourt from undertaking a 'meaningful review.'" Radford, 734 F.3d at 296.

## CONCLUSION

Based on the foregoing, the court REJECTS the M&R. Plaintiff's motion for judgment on the pleadings (DE 22) is GRANTED, defendant's motion for judgment on the pleadings (DE 24) is DENIED, and this matter is REMANDED to defendant pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this order. The clerk is DIRECTED to close this case.

SO ORDERED, this the 28th day of September, 2021.

LOUISE W. FLANAGAN
United States District Judge